IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO

| | |
|---|---|
| **JUAN SANTIAGO-VAZQUEZ**<br>  Petitioner,<br><br>          v.<br><br>**UNITED STATES OF AMERICA,**<br>  Respondent. | *<br>*<br>*<br>*<br>*    **CIVIL NO. 06-1987 (PG)**<br>*<br>*<br>* |

## OPINION AND ORDER

On October 2, 2006, Petitioner Juan Santiago-Vazquez (hereinafter, "Petitioner" or "Petitioner Santiago-Vazquez") proceeding pro se filed a Motion Under Title 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence, along with a Memorandum of Law, an Exhibit in support of the Motion, and four Affidavits. (D.E. # 1). On October 18, 2006, Petitioner filed a Supplemental Brief in support of his Motion. (D.E. # 6). On December 22, 2006, the Government filed a Response to Petitioner's Motion Under 28 U.S.C. Section 2255. (D.E.# 11). For the reasons stated below, Petitioner Santiago-Vazquez's motion pursuant to Title 28 U.S.C. Section 2255 is hereby **DENIED**.

### I. BACKGROUND

On April 10, 1997, a grand jury charged Petitioner along with four (4) co-defendants in a Two-Count Indictment. Count One charged a continuing criminal enterprise from on or about January 1, 1990, and continuing until on or about March 7, 1997, in violation of 21 U.S.C. Sections 848(a) and (b). Count Two charged a conspiracy to distribute in excess of five (5) kilograms of cocaine base in violation of 21 U.S.C. Sections 846. (D.E. # 1).

On January 23, 2002, the Court dismissed Count One of the Indictment, and renumbered the remaining Count for trial purposes. (D.E. # 317). On February 21, 2002, Petitioner was found guilty by

Civil No. 06-1987 (PG) Page 2

jury trial. (D.E. # 344). The pre-sentence investigation report proposed a Criminal History Category of Two (II), and a total offense level of forty four (44), with a guideline imprisonment range of life. (PSI, p.8). At the sentencing hearing held on July 22, 2002, Petitioner was sentenced to a term of life imprisonment. (D.E. # 360). The judgment of conviction was entered on August 29, 2002. (D.E. # 361).

On appeal Petitioner claimed ineffective assistance of counsel, trial errors and errors at sentencing. Petitioner's conviction and sentence were affirmed on appeal on April 7, 2005. See United States v. Santiago-Vasquez, 127 Fed. App'x 508 (1st Cir. April 7, 2005). A petition for writ of certiorari was denied on October 3, 2005. Santiago-Vazquez v. United States, 546 U.S. 924 (2005). Judgment and conviction became final on October 3, 2005. Defendant Santiago-Vazquez's petition for relief pursuant to section 2255 was filed on October 2, 2006. (D.E. # 1).

## II. DISCUSSION

In his petition under 28 U.S.C. Section 2255, Petitioner claims that appellate counsel was ineffective for failing to raise trial counsel's: (1) failure to request a continuance or object to the government witnesses testifying in prison clothes; and (2) failure to object to witnesses testimony that Petitioner was in prison at the time of the criminal proceedings. Petitioner raises the same claims against trial counsel, and alleges that at some point during trial, counsel stopped making objections, thus failing to place the government's case through a meaningful adversarial process. Petitioner also alleges that the cumulative effect of counsel's errors created a fundamentally unfair trial.[1]

---

[1] In the motion Petitioner only addresses these issues. However, there are ten (10) separate instances where he alleges that he received ineffective assistance from trial and/or appellate counsel which are not discussed in the motion. Petitioner also makes reference to four (4) affidavits filed in support of his petition, where he claims eighteen (18) instances of counsel's ineffectiveness. Since these claims are raised in a perfunctory manner with no attempt to develop argumentation, they may be deemed waived. See Cody v. United States, 249 F.3d 47, 53 n.6 (1st Cir. 2001) (ineffective assistance of counsel claim raised in a perfunctory manner in section 2255 proceeding deemed waived); United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (arguments not developed on appeal are deemed waived).

Civil No. 06-1987 (PG)                                                                                          Page 3

On the supplemental brief, Petitioner claims that because of disagreements between his trial attorneys he was never given any advice concerning plea agreements. He alleges that had counsel of record given him professional advice concerning the acceptance of a plea agreement from the government, he would have accepted the plea.

**A. Ineffective Assistance of Counsel**

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 687 (1984). But "[t]he Constitution does not guarantee a defendant a letter-perfect defense or a successful defense; rather, the performance standard is that of reasonably effective assistance under the circumstances then obtaining." United States v. Natanel, 938 F.2d 302, 309-10 (1st Cir.1991) (citation omitted), cert. denied, 502 U.S. 1079 (1992).

To establish ineffective assistance of counsel, a petitioner must show that the attorney's performance was deficient and that the deficiency prejudiced the defense. Strickland, 466 U.S. at 687. In order to establish deficiency, a petitioner must establish that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." Id. at 688. Counsel is presumed to have acted within the range of "reasonable professional assistance," and it is petitioner who bears the burden of "overcoming the presumption that, under the circumstances, that challenged action 'might be considered sound trial strategy.'" Id. at 689. In order to show prejudice, a petitioner must establish that "there is a reasonable probability that , but for counsel's unprofessional errors, the results of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. at 694.

Claims of ineffective assistance of appellate counsel are measured under the Strickland standard. Evitts v. Lucy, 469 U.S. 387 (1985). Tactical choices regarding issues on appeal are properly left to the sound judgment of counsel. Jones v. Barnes, 463 U.S. 745, 751 (1983) (holding that an indigent defendant does not have a constitutional right to press issues, even if non-frivolous, which counsel in his professional judgment decides not to present). Appellate counsel is not required to raise every non-frivolous claim, but rather selects among them to maximize the likelihood of success on the merits. Lattimore v. Dubois, 311 F.3d 46, 57 (1st Cir. 2002). Where appellate counsel is charged with

ineffectiveness for failure to raise a particular claim, it is difficult to demonstrate that counsel was incompetent. Smith v. Robbins, 528 U.S. 259, 288 (2000). To overcome the presumption of competence of appellate counsel in these circumstances, a petitioner must show that the omitted issues were "clearly stronger" than those counsel chose to assert. Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986), Monzo v. Edwards, 281 F.3d 568, 579 (6th Cir. 2002). Consequently, even if the unasserted claim was not frivolous, the required prejudice cannot show if the claim is found to lack merit. Burton v. Renico, 391 F.3d 764, 773 (6th Cir. 2004).

In the present case, Petitioner's allegations of ineffective assistance of counsel by both his trial and appellate counsel are contrary to the record, as demonstrated in the following discussion.

**B. Witnesses testimony while dressed in prison uniforms**

Petitioner claims that trial counsel was ineffective for failing to challenge the testimony offered by the two cooperating witnesses while dressed in prison uniforms and appellate counsel was ineffective for failing to raise trial counsel's failure to object. Nothing in the record supports this allegation. A defendant in a criminal trial may not be required to wear a prison uniform. To do so would violate the due process right to a fair trial, specifically, the deprivation of the presumption of innocence. Estelle v. Williams, 425 U.S. 501, 503-505 (1976). However, this does not apply with regard to a witness with a prison uniform. Saenz v. Marshall, 791 F. Supp. 812, 814 (C.D. Cal. 1992). Moreover, courts have not overturned convictions on the sole basis that a witness for the defendant was forced to wear prison attire while testifying. United States v. Adams, 1 F.3d 1566, 1584 (11th Cir. 1993). In the present case, witnesses appearance before the jury in prison uniform did not infringe any constitutionally protected right. Therefore, Petitioner's allegation of ineffective assistance of trial counsel for failing to challenge the testimony offered by witnesses while dressed in prison uniforms fails on its merits. Since Petitioner's claim as to trial counsel's failure to object to these testimonies lacks merit, there was no prejudice in appellate counsel's representation for not raising this particular claim. Therefore, Petitioner's allegation of ineffective assistance of appellate counsel as to this claim also fails.

### C. Failure to object

Petitioner alleges that counsel stopped presenting objections during trial because he was upset with him. This claim is contrary to the record. During the testimony of both Ramon Cesareo-Soto and Victor Negron, counsel made multiple, timely, and effective objections. The record indicates that in both instances counsel was so effective that it forced the government to request re-direct examination of both witnesses. (Trial transcripts of February 13, 2002 and February 14, 2002).

Specifically, Petitioner claims that counsel failed to object when a witness testified that Petitioner was in jail in the "Special Housing Unit." This claim is contrary to the record:

MR. ROMAN: Objection, may we approach, Your Honor?

(Whereupon the following proceedings took place at sidebar:)

MR. ROMAN: My objection is to the hearsay nature of this last testimony. Whatever was said in the Special Housing Unit does not fall within the co-conspirator exception to the hearsay rule.

(February 14, 2002; Trial Tr. p. 71).

Petitioner's claim that he was denied effective assistance of counsel for trial's counsel failure to object is contrary to the record. The Constitution does not guarantee a defendant a perfect or successful defense. A defendant is guaranteed reasonably effective assistance of counsel under the circumstances. Petitioner's claim as to trial counsel's failure to object fails on its merits. Since Petitioner's claim as to trial counsel's failure to object lacks merit, there was no prejudice in appellate counsel's representation as a result of not raising this claim. Therefore, Petitioner's allegation of ineffective assistance of appellate counsel as to this claim also fails.

### D. Cumulative effect of errors

Petitioner alleges, without any further development, that the cumulative effect of counsel's errors created a fundamentally unfair trial. This claim was raised and settled on appeal[2] and now it is being

---

[2] Petitioner Santiago-Vazquez says that various trial errors insufficient in themselves may cumulate so as to undermine the fairness of a trial and make out a due process violation. See United

renewed under an alleged ineffective assistance of counsel habeas corpus claim. Since this issue was settled on direct appeal, Petitioner may not revisit his previous allegation through a collateral proceeding. Section 2255 motions may not be used as vehicles to re-litigate issues that were raised on appeal absent extraordinary circumstances, such as intervening change of law or newly discovered evidence. Davis v. United States, 417 U.S. 333, 342 (1974); Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1993). Since Petitioner adds nothing new to his previously resolved claim, his claim alleging that the cumulative effect of counsel's errors created a fundamentally unfair trial fails on its merits.

### E. Plea offers

In his supplemental brief Petitioner claims that because of disagreements between his trial attorneys, he was never given any advice concerning plea agreements. However, the supplemental motion alleging this new cause of action was delivered to the United States Postal Service on October 10, 2006, after AEDPA's one year statute of limitations had elapsed.[3] Once the statute of limitations has expired, allowing amendment of a petition with additional grounds for relief would defeat the purpose of the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. United States v. Thomas, 221 F.3d 430, 436 (3rd Cir. 2000) (a party cannot amend a section 2255 petition to add a completely new claim after the statute of limitations has expired).

In the present case, the supplemental motion was delivered to the United States Postal Service after

---

States v. Sepulveda, 15 F.3d 1161, 1195-96 (1st Cir. 1993), cert. denied, 512 U.S. 1223 (1994); see also United States v. Meserve, 271 F.3d 314, 332 (1st Cir. 2001). However, the case against Santiago-Vazquez was a strong one, uncontradicted by any witnesses for the defense; and in any event the brief on appeal fails to show that there were serious errors, let alone prejudicial accumulation.
United States v. Santiago-Vazquez, 127 Fed. App'x 508 (1st Cir. April 7, 2005).

[3] In the Certificate of Service Petitioner certifies that his initial petition was placed in the mail on September 24, 2006, and the supplemental brief on September 3, 2006. However, in a letter addressed to the district judge, which was received and filed by the Clerk's Office on October 16, 2006, petitioner provides proof of delivery of the supplemental motion to USPS on October 10, 2006, after AEDPA's one year statute of limitations period had elapsed.

Civil No. 06-1987 (PG) Page 7

the limitation period had elapsed.[4]  The motion does not supplement the original claims of the petition, instead it raises additional allegations.  Therefore, Petitioner's claim of ineffective assistance of counsel during plea negotiations is untimely, and the issues are barred by the statute of limitations.  Furthermore, this claim would not prevail since the record reflects that Petitioner was fully aware of the government's offers and repeatedly rejected them.[5]

### III.  CONCLUSION

For the reasons stated above, the Court concludes that Petitioner **JUAN SANTIAGO-VAZQUEZ** is not entitled to federal habeas relief on the claims presented.  Accordingly, it is ordered that Petitioner **JUAN SANTIAGO-VAZQUEZ** request for habeas relief under 28 U.S.C. Section 2255 (D.E. # 1) is **DENIED**, and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Section 2255 is **DENIED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of March, 2010.

> **S/JUAN M. PEREZ-GIMENEZ**
> **JUAN M. PEREZ-GIMENEZ**
> **Senior United States District Judge**

---

[4] Even if the motion had amended the initial claims, the failure to make a timely filing would prove fatal. United States v. Pittman, 209 F.3d 314, 317-318 (4th Cir. 2000).

[5] Status Conference Hearing, May 18, 2001, p.14; Trial Transcript, February 13, 2002, p. 4; Sentencing Hearing Transcript, July 22, 2002, p. 9.